AUG 5 2024 PM3:49
FILED - USDC - BPT - C

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

## CIVIL RIGHTS COMPLAINT

BEN. GYAMU

_____,
(Full name(s); Do not use ***et al.***)
Plaintiff(s),

v.

JUDGE JOHN CIRELLO

PLUS

JUDGE WALTER SPADER JR

Case No. _____
(To be supplied
by the court)

_____
Defendant(s).
(Full name(s) and capacity, e.g., official capacity, individual capacity,
or official and individual capacitites) (Do not use ***et al.***)

## A. PARTIES

1. BEN GYADU _____ is a citizen of THE STATE OF CT _____ who
(Plaintiff)                                                    (State)
presently resides at P.O. BOX 146, MARION, CT 06444 _____.
(mailing address)

2. Defendant JUDGE JOHN CIRELLO _____ is a citizen of THE STATE OF CT
(name of first defendant)                                     (State)

whose address is 300 GRAND STR., WATERBURY, CT 06702 _____,

and who is employed as JUDGE OF THE SUPERIOR COURT OF WATERBURY
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? __X_Yes ____No.  If your answer is "Yes," briefly explain:

_Defendant, Judge Ciello, Was A Judge At The Superior Court Of CT In Waterbury_

3.  Defendant _Judge Walter Spader JR_ is a citizen of _State Of Ct_
     (name of second defendant)                                                                      (State)

whose address is _300 Grand Str., Waterbury, Ct 06702_

and who is employed as _a Judge At The Superior Court Of Waterbury_ .
     (title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? __X_Yes ____No.  If your answer is "Yes," briefly explain:

_The Defendant, Judge Walter Spader JR, Was a Judge At The Superior Court Of Waterbury_

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES."  Be sure to include each defendant's complete address and title.)

## B. JURISDICTION

1.  Jurisdiction is asserted pursuant to (CHECK ONE)

___X___        42 U.S.C. § 1983 (applies to state defendants)

_____        ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal defendants)

2.  Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3).  (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

_____

_____

2

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

The Plaintiff Rented An Apartment From His Landlords Under A Periodic "Month-To-Month Tenancy" Rental Agreement. This "Month-To-Month Tenancy" agreement meant that for as long as the Plaintiff paid his monthly rent and the Landlords do not terminate the Rental Agreement, the Rental Agreement can go on un interrupted Indefinitely. On the 1st of May, 2014 the Landlords Re-instated the periodic "Month-To-Month Tenancy" Agreement.
Cont'd "A YE" Attached Sheet

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I:** Judge Cirello's actions as alleged DEPRIVES the Plaintiff Of his Right To A Due Process And Equal Protection Of Laws And Judge Walter Spader's Action as well was in Violation Of Due Process And Equal Protection Of Laws -

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

For Judge John Cirello to deny the Motion To dismiss and close the pleadings on the Motion To dismiss and set the Case for a trial Judge Cirello Violated the Plaintiff's appellate rights and therefore the decision was VOID in Violation Of due Process And Equal Protection Of Laws
Judge Walter Spader's actions as alleged rendered the Eviction Judgement VOID for a Violation Of due Process and Equal Protection Of Laws.

3

**Claim II:** _____

_____

_____

Supporting Facts:

**Claim III:** _____

_____

_____

Supporting Facts:

## E. REQUEST FOR RELIEF

I request the following relief:

DECLARATORY JUDGEMENT, COMPENSATORY AND PUNITIVE JUDGEMENT.

Additionally the Plaintiff PRAYS Judge Cirello and Judge Walter Spader Be Held Accountable For All The Plaintiffs Health Problems Incident Of the Eviction Action ESPECIALLY if the Plaintiff Suffers Any Heart Attack

## F. JURY DEMAND

Do you wish to have a jury trial?  Yes  X____        No _____

_____          _____
Original signature of attorney (if any)     **Plaintiff's Original Signature**

                                           BEN · GYAMU
_____          _____
Printed Name                                Printed Name

                                           P.o. Box 146, Marion, CT 06444
_____          _____

(   )                                       (   )(475) 316 - 0643
_____          _____
Attorney's full address and telephone      Plaintiff's full address and telephone

_____          _____
Email address if available                  Email address if available

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at ___Mpt, CT_____ on __5th Aug, 2024_____.
                (location)                        (date)

_____
**Plaintiff's Original Signature**

(Rev. 3/21/16)

AYE

THE DISTRICT COURT OF CT

REF:

BEN GYAMU Vs JUDGE JOHN SIRELLO

PLUS

JUDGE WALTER SPADER JR.

The Plaintiff continued to pay his monthly rents and the landlords accepted the payments and consequently renewed the "Month-To-Month Tenancy" agreement once the Plaintiff made the rent payment

The Plaintiff continued to have accommodation under this trend of rental agreement for eight (8) years until the eighth year, on or around the 16th May of 2022, when he came home to find a "Notice To Quit" Eviction notice at the front door of the apartment

The Plaintiff moved to Dismiss the alleged FRAUDULENT Eviction case. A hearing was held on

A YE, COND.                    DISTRICT COURT OF CT

the Motion To Dismiss. After the hearing, the Court by Judge John Cirello, stated that the parties would receive a decision.

While the Plaintiff was expecting a decision by a U.S. Mail, he received a notice that sustained the Objection to the Motion To Dismiss. The Plaintiff immediately moved for a Memorandum Of decision on the Motion To Dismiss. The Court by Judge Cirello referred the Plaintiff to the file to get the Memorandum Of Decision. Upon getting the decision from the file the Plaintiff discovered that the Court by Judge Cirello had denied the Motion To Dismiss and closed the Pleadings on the Motion To Dismiss and set the alleged FRAUDULENT Eviction Case for a trial without even given the Plaintiff a chance to receive a copy of

AYE (2)

the Memorandum of decision by a U.S. mail let alone a chance to file any Objection he might have with the decision.

Judge Cirello's action which did not give the Plaintiff a chance to receive the decision by a U.S. mail let alone a chance to file any Objection the Plaintiff might have with the decision to correct the PREVIOUS ERRORS of the decision which would have prevented the on-going MANIFEST INJUSTICES and their resultant devastating damages upon the Plaintiff's constitute a GROSS violation of due Process and Equal Protection of laws.

As a result of Judge Cirello's action which closed the pleadings on the Motion To Dismiss and set the

AYE (3)

alleged FRAUDULENT Eviction Case for a trial, the case
was tried, by Judge Walter Spader without first resolving the issue of the

Plaintiff's Special Defense which was seeking an

eviction protection under a State law which

shields citizens of over Sixty five (65) years from an

eviction.

Judge Walter Spader granted the alleged

FRAUDULENT Eviction action not against the Plaintiff

who was over 65 years old and should, at least, have been

shielded from the eviction but for Judge Spader's

PREJUDICES, PASSION, INTOLERANCE or otherwise
The Plaintiff TIMELY appealed the

Decision and while the appeal was pending and the

appeal period had not expired, Judge Walter Spader

issued an Execution Order for possession on the 17th

A Y E (4)

of Oct, 2022 to the utter shock and surprise of the Plaintiff and with that Order of Possession the Plaintiff who had paid his rent in advance and DID NOT one a penny to the Landlords and was not causing any problems to anybody was evicted and thrown out onto the streets, homeless, in the Cold Winter, causing him the on-going health problems and worsening his lungs and heart problems

Judge Walter Spaders actions as alleged constitute a GROSS violation of Due Process And Equal Protection of Laws.

As a result of Judge Cirello and Judge Spader's violation of the Plaintiff's right to a Due Process and Equal Protection of Laws, the Plaintiff has been made homeless

causing the Plaintiff all kinds of consequential

problems including lung and heart problems, SHAME,

DISGRACE, HUMILIATION, CREDIT PROBLEMS for no

apparent reason other than a Landlords desire to have the

apartment back and so using a CONCOCTED, FRAUDULENT

Eviction Complaint of "Lapse Of Time" which DID NOT EVEN

EXIST to SUCCESSFULLY evict the Plaintiff when Judge Cirello and

Judge Spader VIOLATED the Plaintiff's Civil Rights to a

Due Process and Equal Protection Of Laws and consequently

allowed the Plaintiff to be evicted by the Landlords

FRAUDULENT Eviction Action.    Plaintiff PRAYS

Judge Cirello and Judge Spader be held Accountable for

all the ongoing consequential DAMAGES of their actions upon

AYE @ DISTRICT COURT OF CT

the Plaintiffs life ESPECIALLY in any situation

where the Plaintiff would suffer a heart attack

or a STROKE.

Respectfully Submitted.

Ben. Gyady.

# EXHIBITS

| | | |
|---|---|---|
| DOC. # WTH-CV-22600-9950-S | : | SUPERIOR COURT OF WATERBURY |
| HUBEN | : | 300 GRAND STREET (HOUSING COURT) |
| V. | : | WATERBURY, CT 06703 |
| GYADU | : | 7 OCTOBER, 2022 |

**SUPERIOR COURT
WATERBURY J.D.**

**OCT 11 2022**

## MOTION TO VACATE JUDGMENT

CLERK'S OFFICE

**(Ref: Motion to Vacate the Judgment on Grounds IT IS <u>VOID</u>)**

A judgement is void if the Trial Court (1) lacked subject matter jurisdiction, (2) lacked personal jurisdiction, or (3) entered the judgment in a manner that violated due process. Please see:

Privilege Underwriters Reciprocal Exchange v. Grayson, 2016 WL 7321571 (Ala. 2016); I.S.H. v. M.D. B., 83 Mass. App. Ct. 553, 987 N.E.2d 223 (2013); Bate v. Greenwich Insurance Company, 464 S.W. 3d 515 (Mo. 2015).

"A judgement is void if the trial Court entered the judgment in a manner that violated due process" EMPHASIS added.

A void judgment is a nullity and may be vacated at any time.[9] Please see: T.L. v. W.C.L., 203 So. 3d 66 (Ala. Civ. App. 2016); First Management, Inc. v. Topeka Inv. Group, LLC, 47 Kan. App. 2d 233, 277, P.3d 1150 (2012).

"The Passage of time will neither vitalize a facially flawed decree, or judgment, not immunize its plainly fatal deficiency from collateral attack. Booth v. McKnight, 2003 OK 49, 70 P.3d 855 (Okla. 2003).

Defendant respectfully moves to VACATE the Judgment on grounds it is VOID for:

i.   A violation of Due Process of Notice;

1

ii.    A violation of Equal Protection of Laws;

iii.   A violation of Due Process.

**i.  VIOLATION OF DUE PROCESS OF NOTICE**

The Courts action by which the Court closed the case of the Defendant's Motion To Dismiss and scheduled a trial of the case without allowing the Defendant to receive a copy of the Memorandum of Decision let alone allowing the Defendant to respond to the Memorandum of Decision and resolve the issues of the Defendant's Motion To Dismiss to determine whether or not the Court has jurisdiction of the case to hold the trial, constitutes a VIOLATION of Due Process of Notice.

The Judgment is ther3efore VOID for a VIOLATION OF DUE PROCESS OF NOTICE and must be VACATED accordingly.

The U.S. Supreme Court stated:

"Under the provision of the 14th Amendment that no State shall deprive any person of life, liberty or property without "due process of Law", quoted words require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." Mullane Vs central Hanover Bank and Trust, Co., 70 S. Ct 652 (1950) at 652 & 656."

Additionally, the U.S. Supreme Court stated the *ff*:

"The Point is straight forward: The Due Process clause provides that certain substantive rights – Life, Liberty, and property – cannot be deprived except pursuant to Constitutionally adequate procedures. The categories of substance and procedure are distinct. Were the rule otherwise the clause would be reduced to a mere tautology." The right to due process "is conferred, not by legislative grace, but by constitutional guarantee." Please see Cleveland Board

2

of Educ. Vs. James Londermill, ET AL, 834. Ed 2d 494 (1984) at 503.

Please see also the following Conn. App. 1996 Case Laws which state:

Judgment void on its face and requiring only inspection of record to demonstrate its invalidity is mere nullity, which is in legal effect no judgment at all, and which confers no right and affords no justification. Koennicke v. Maiorano, 682 A.2d 1046, 43 Conn. App. 1.

Judgment which is void on its face neither binds nor bars anyone; all acts performed under it and all claims flowing out of it are void, and parties attempting to enforce it may be responsible as trespassers. Koennicke v. Maiorano, 682 A.2d 1046, 43 Conn. App. 1.

Void judgment is without life and will be ignored everywhere. Koennicke v. Maiorano, 682 A.2d 1046, 43 Conn. App. 1.

A void judgment is in legal effect no judgment: no rights are acquired or divested by it, it neither binds nor bars anyone, and all proceeding founded upon it are worthless. OC Interior Services, LLC v. Nationstar Mortgage, LLC, 7 Cal. Appl 5th 1318, 213 Cal. Rptr. 3d 395 (4th Dist. 2017); Banks v. Hunter, 796 S.E.2d 361 (N.C. Ct. App. 2017).

Additionally, for the Court to hold the trial and enter a judgment against the Defendant without allowing a resolution of the Defendant's Motion To Dismiss to determine whether or not the Court LACKS jurisdiction of the case to hold the trial, the Court held the trial PREJUDICIALLY and without jurisdiction in GROSS Violation of Due Process and Equal Protection of Laws, rendering the resultant judgment NULL and VOID to VACATE the judgment accordingly.

## ii.    VIOLATION OF EQUAL PROTECTION OF LAWS

For the Court to DISREGARD the fact that under normal circumstances a litigant who is aggrieved by a Ruling has appellate right to, at least, seek a Review/Reconsideration of the non-

3

favorable Ruling and therefore to DISREGARD the Defendant's Legal Rights under the Laws of the U.S. to give the Defendant a chance to, at least, receive a copy of the Memorandum of Decision by U.S. Mail without closing the case of the Motion To Dismiss and scheduling a trial of the case while pending before the Court is the Defendant's Motion For A Memorandum of Decision, the Court DEPRIVES the Defendant of Equal Protection of Laws, rendering the resultant judgment of the PREJUDICIAL trial, NULL and VOID.

The Judgment must therefore be VACATED accordingly for a GROSS Violation of Equal Protection of Laws of the 5th Amendment of the U.S. Constitution.

### iii. VIOLATION OF DUE PROCESS OF THE 14TH AMENDMENT OF THE U.S. CONSTITUTION

Before the Court opened the hearing on the Defendant's Motion To Dismiss, the Court declared that the Defendant's Motion To Dismiss challenges the Court's Jurisdiction of the Plaintiffs' action and so the issues of the Motion To Dismiss must be resolved to determine whether or not the Court has jurisdiction of the case before any proceeding of the case can start.

It follows therefore that the Court's action which DID NOT allow the Defendant to receive a copy of the Memorandum of Decision by U.S. Mail let alone allow the Defendant who is aggrieved by the Ruling to file any appellate pleading, such as a Motion For Review/Reconsideration, to contest the Ruling to attempt to reverse the unfavorable Ruling before the Court scheduled the case for a trial, is CONTRARY to the very Courts holding that the issues of the Court's jurisdiction of the case must be resolved before any proceeding of the Plaintiffs' case can proceed.

As it would clearly be discovered the Court's action which scheduled the case for a trial at the same time that it issued the unfavorable Memorandum of Decision without even allowing

4

the Defendant to receive a copy of the Memorandum of Decision to file any objection he might have against the Ruling and worse yet went ahead and held the trial while there were pending pleadings before the Court, e.g. a Motion To Stay, whose issues should have been resolved before any trial of the case, is in GROSS violation of Due Process. The Courts resultant judgment of the alleged Constitutional Violation of Due Process is therefore VOID and must be VACATED accordingly.

Respectfully Submitted:

Ben Gyadu

5

The Superior Court Of Wtby.,

Housing Division,

300 Grand Str.

SUPERIOR COURT
WATERBURY J.D.

OCT 17 2022

CLERK'S OFFICE

Waterbury, CT 06702.

Date; 17th Oct., 2022.

Doc.#; WTH-CV-22600-9950-S

HUBEN, KEVIN ET AL Vs G YADU, BEN.

MOTION FOR A STAY OF "SUMMARY PROCESS

EXECUTION FOR POSSESSION (EVICTION)"

Per the Court's Order

which granted the Defendant's fee-waiver to appeal

the judgement, Defendant initiated the appeal on

the 14th of Oct, 2022, 2 days after granting the fee-waiver

on the 12th of Oct, 2022.

Defendant did not even get a copy of the

Order which granted the fee-waiver until he went to the

Clerks Office. Defendant has enclosed an Order from the

appellate Court showing that Defendant initiated the appeal on Friday, the 14th of Oct., 2022.

The Court's Order of "Summary Process Execution For Possession (Execution)" is therefore in GROSS violation of Due Process and Equal Protection Of Laws and must therefore be STAYED pending the appeal.

Additionally the Defendant has three (3) days to seek a review of the Order which denied the Motion To Stay on the 17th Oct., 2022 without a Memorandum Of Decision in violation of the Practice Books demands that the Court issues a Memorandum of Decision on a Motion To Stay. Defendant is seeking a review by the Appellate Court.

Further, the Defendant has moved for Injunction on the Court's Order of "Summary Process Execution For Possession (Eviction)" by the Appellate Court; a copy is enclosed herewith.

Defendant PRAYS

3

this Motion for A Stay would be granted.

Sincerely,

Ben. Gyadu (&#.)

CERTIFICATION

This is to certify that a copy of the fore-going was

marked to Atty:

Dena Giuliano

P. O. Box 94

WATERTOWN, CT 06795

Sincerely,

BEN. Gyadu (Rev.)

Ben Gyadu (GyaduBen)

# Return On Pre Appeal Motion AC 222627 🖶

Docket No: WTHCV226009950S
Issue Date: 10/14/2022
Sent By:    Supreme/Appellate
My Tags:

**Return On Pre Appeal Motion AC 222627**
**WTHCV226009950S    KEVIN HUBEN v. BEN GYADU**

Notice Issued: **10/14/2022 4:37:55 PM**

**Court Address:**
Office of the Appellate Clerk
231 Capitol Avenue
Hartford, CT 06106

**Notice Content:**
Your Motion has been returned for the following reasons:

- Motion not in compliance with Practice Book section 66-2: Missing Legal Grounds section.
- Motion is not in Arial 12 pt. font, including footnotes (Practice Book section 66-3).
- A motion for extension time to file an appeal is filed directly with the trial court. If the motion is intended to be a motion to file a late appeal, please see the return reasons above and file in full compliance with the Practice Book.
- Directed to the wrong court (this is a trial court filing).
- Motion not in compliance with Practice Book section 66-2: Missing Brief History section.
- Motion not in compliance with Practice Book section 66-2: Missing Specific Facts section.

Unless otherwise ordered by the court, any papers correcting a noncomplying filing shall be deemed to be timely filed if a complying document is refiled with the appellate clerk within fifteen days. The time for responding to any such paper shall not start to run until the correcting paper is filed. See Connecticut Practice Book Section 62-7. If this document was previously returned, the above provision of Practice Book Section 62-7 does not apply.

DOC. # AC-222627 : THE APPELLATE COURT OF CT

WTH-CV-22600-9950-S : SUPERIOR COURT OF WATERBURY

HUBEN, KEVIN, ET AL : 231 CAPITAL AVENUE

VS. : HARTFORD, CT 06106

GYADU, BEN : 17 OCTOBER, 2022

## MOTION FOR INJUNCTION RELIEF

The Superior Court of Waterbury, Housing Division, granted the Defendant/Appellant's Fee-Waiver on the 12th of October, 2022 to appeal the judgment of the eviction action against him. When there was no response, Defendant/Appellant went to the Court in the afternoon of the 13th Oct., 2022 to check about it.

Defendant/Appellant was told it was granted on the 12the of Oct. and the Clerks were about to send him a copy.

Defendant/Appellant IMMEDIATELY initiated the appeal the next day, Friday, the 14th of October, 2022.

On Monday, the 17th Oct., 2022 while Defendant/Appellant is appealing the judgment the Judge at the Superior Court of Waterbury has issued an order of "Summary Process Execution For Possession (Eviction)"; a copy of the Order is enclosed herewith for any reference that might be needed.

The Pro Se, Defendant/Appellant does not know what to do than to seek Injunction of the Court's "Summary Process Execution For Possession (Eviction) by the Appellate Court of Connecticut.

Defendant/Appellant is having severe health problems due to heart and lung

1

surgery problems which have been complicated by recent motor vehicle accidents on the 12th of March, the 18th of May and the 20th of May, 2022.and so got two different Doctor's letters to delay the eviction, but those letters DID NOT make any difference to the Trial Judgment to delay the eviction.

Respectfully Submitted:

Ben Gyadu

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed to Counsel on record:

Dana Giuliano, P.O. Box 94, Watertown, CT 06795.

Respectfully submitted:

Ben Gyadu

3

 

### State of Connecticut Judicial Branch
### Appellate/Supreme E-Filing

Logged-In User : Ben Gyadu (GyaduBen)

Email: b.gyadu@mail.com  Logout

You have selected this case:

Docket Number:
WTH-CV-22-6009950-S

Name of Case:
HUBEN, KEVIN v. GYADU, BEN, AKA BENJAMIN Et Al

## You have successfully E-Filed!

View/Save/Print Pre Appeal Motion form here: 📝

Print Confirmation of E-Filing here

## Confirmation of E-Filing

For questions regarding this payment: Contact Us.

| | |
|---|---|
| Pre Appeal Motion Number: | MOT AC 222639 |
| Trial Court Docket Number: | WTH-CV-22-6009950-S |
| Type of Transaction: | MOTION - OTHER |
| Fee Amount: | $0.00 |
| Service Fee: | $0.00 |
| Total Transaction Amount: | $0.00 |
| Date Filed: | 10/17/2022 |
| Filed By: | GyaduBen - Ben Gyadu |
| Date & Time of Transaction: | 10/17/2022 03:47 PM |
| Documents Filed: | 347035-PRE APPEAL MOTION |
| Payment Confirmation Number: | |

Back to E-Filing Menu

Logout

Copyright © 2022, State of Connecticut Judicial Branch

# SUMMARY PROCESS EXECUTION FOR POSSESSION (EVICTION)

JD-HM-2  Rev. 4-19
C.G.S. §§ 47a-26h, 47a-42

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accom-modation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA.*

| Court | | Docket number | | Date of judgment |
|---|---|---|---|---|
| ☐ Judicial District | ☒ Housing Session | WTHCV226009950 | | 09/29/2022 |

Address of court location (Number, street, town and zip code)
**300 grand st waterbury ct 06702**

Name and mailing address of plaintiff/landlord or attorney

ATTORNEY DANA M GUILIANO
PO BOX 94
WATERTOWN CT 06795

Instructions to plaintiff/landlord or attorney:
1. *Complete this form.*
2. *File this form with the clerk for the clerk to sign.*
3. *After this execution is signed by the clerk, the clerk will upload it to the case's electronic file.*
4. *Plaintiff/landlord or attorney may then print and deliver the signed execution to a State Marshal.*

| Name(s) of plaintiff(s)/landlord(s) | Name(s) of defendant(s)/tenant(s) and/or occupant(s) |
|---|---|
| KEVIN HUBEN JOSEPHINE HUBEN | BEN AKA BENJAMIN GYADU |

Address of premises (Number, street, town and apartment number)
**61- 7 BENTWOOD DRIVE; WATERBURY CT 06702**

## TO: Any proper State Marshal

By the authority of the State of Connecticut, you are commanded to give the plaintiff(s)/landlord(s) possession of the premises above by putting the defendant(s)/tenant(s) and any other occupant(s) bound by the judgment out of possession. If the defendant(s)/tenant(s) and such other occupant(s) have not removed all their possessions and personal effects, then you may remove them and deliver them to the place of storage designated by the chief executive officer of the town; before removal you must give the chief executive officer of the town 24 hours notice of the eviction, stating the date, time, and address of the eviction, as well as, a general description, if known, of the types and amount of property to be removed from the premises and delivered to the designated place of storage. Before giving notice to the chief executive officer you must use reasonable efforts to locate and notify the defendant(s)/tenant(s) and any other occupant(s) bound by the judgment of the date and time the eviction will take place and the possibility of a sale of their possessions pursuant to Section 47a-42 of the Connecticut General Statutes.

| Serve a true copy upon each defendant/tenant and/or occupant bound by the judgment and return within 60 days. | Signed (Clerk) *[signature]* Beth Burns Deputy Chief Clerk | Date signed 10/17/2022 |
|---|---|---|

## Notice to defendant(s)/tenant(s) and/or occupant(s)   *(To be completed by State Marshal)*

Your landlord (the plaintiff) won a judgment against you in this eviction case.
This means that you must move out of the premises at the address above by this date:

| Date | At (Time) |
|---|---|
| | ___.M. |

If you do not remove your possessions and personal effects on or before that date, your possessions and personal effects will be removed by the State Marshal and stored at: _____ You may call: _____ to reclaim those possessions and personal effects and to arrange to have them given back to you. *(If your possessions and personal effects are removed and stored and you do not reclaim them and pay the expense of storage within 15 days, then they may be sold by the town under Section 47a-42 of the Connecticut General Statutes.)*

**If you think you have a right to stay in the premises, you should contact an attorney immediately.**
This paper does not have to be handed to you personally. The place of storage was designated by the chief executive officer of the town.

## Return of Service

| By virtue of this execution, | On | At (Time) ___.M. |
|---|---|---|

☐ I notified the defendant(s)/tenant(s) and/or occupant(s).
☐ I used reasonable efforts to locate the defendant(s)/tenant(s) and/or occupant(s) but was unable to notify the following:

_____

Thereafter I notified the chief executive officer of the town where the premises are situated,

| On | At (Time) ___.M. |
|---|---|

that the eviction of the defendant's(s')/tenant's(s') and/or occupant's(s') possessions and personal effects would take place,

| On | At (Time) ___.M. |
|---|---|

and I further advised said chief executive officer, so far as known, of the general description, types, and amount of the property to be removed from said premises,

| On | At (Time) ___.M. |
|---|---|

and afterwards, the defendant's(s')/tenant's(s') and/or occupant's(s') possessions,
☐ had been removed.
☐ were removed by me and stored. The plaintiff(s)/landlord(s) were then put in possession of said premises.

| Signed (State Marshal) | Date signed |
|---|---|
| Fees, | |

SUPERIOR COURT
WATERBURY J.D.

OCT 1 8 2022

CLERK'S OFFICE

The Superior Court Of Waterbury,
Housing Session,
300 Grand Str.

Waterbury, CT 06702

Date: 18th Oct, 2022

Doc.#: WTH-CV-22600-9950-S

HUBEN, KEVIN ET AL Vs GYAKU, BEN.

MOTION FOR ORDER

On the 17th Of Oct, 2022, the
Same day that the Court issued an Execution Order
Of the Judgement, Counsel served me with the Sheriffs
Service notice that required the Defendant to remove
his belongings and VACATE the apartment by 8a.m. on the
19th Oct, 2022 to the utter Shock and Surprise Of Defendant

P.3

As it would clearly be discovered, this action of Counsel does not even allow time for the Defendant to receive a copy of the Courts Execution Order by U.S. Mail; the Courts Order was issued on the 17th Of Oct, 2022 and the Sheriff served the Defendant with the notice to Vacate on the same 17th of Oct, 2022.

This action of Counsel DEPRIVES the Defendant Of the Due Process Of Notice. This is not to mention the fact that, this is the time Defendant is pursuing the appeal Of the judgement

For the fact that Defendant is about to be put on the streets, homeless, in the cold Winter months, in less than twenty-four hours at a time he does not have any place to move to

bad health problems, Defendant finds it CRITICAL and IMPERATIVE to move for a Court Order for the Court to do whatever possible to STOP the eviction for tomorrow the 19th Oct 2022 at 8 a.m. and give Defendant any appropriate time the Court might deem proper to allow the Defendant to move out of the apartment with his belongings if Defendant is stopped from pursuing the appeal

Defendant does not know what to do; Defendant cannot have Counsel and being thrown out on the streets, homeless by a BAD-FAITH eviction action.

Respectfully Submitted

Ben. Syadu.

CERTIFICATION

This is to certify that a copy of the fore-going was mailed to Atty Dana Giuliano, P.O. BOX 94, Watertown, CT 06795

Sincerely,

Ben. Syadu (B.S./C.)

**SUMMARY PROCESS EXECUTION FOR POSSESSION (EVICTION)**
JD-HM-2  Rev. 4-19
C.G.S. §§ 47a-26h, 47a-42

**STATE OF CONNECTICUT SUPERIOR COURT**
www.jud.ct.gov

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

| Court | | Docket number | | Date of judgment |
|---|---|---|---|---|
| ☐ Judicial District  ☒ Housing Session | | WTHCV226009950 | | 09/29/2022 |

Address of court location (Number, street, town and zip code)
300 grand st waterbury ct 06702

Name and mailing address of plaintiff/landlord or attorney
ATTORNEY DANA M GUILIANO
PO BOX 94
WATERTOWN CT 06795

Instructions to plaintiff/landlord or attorney:
1. Complete this form.
2. File this form with the clerk for the clerk to sign.
3. After this execution is signed by the clerk, the clerk will upload it to the case's electronic file.
4. Plaintiff/landlord or attorney may then print and deliver the signed execution to a State Marshal.

Name(s) of plaintiff(s)/landlord(s)
KEVIN HUBEN
JOSEPHINE HUBEN

Name(s) of defendant(s)/tenant(s) and/or occupant(s)
BEN AKA BENJAMIN GYADU

Address of premises (Number, street, town and apartment number)
61-7 BENTWOOD DRIVE, WATERBURY CT 06702

**TO: Any proper State Marshal**
By the authority of the State of Connecticut, you are commanded to give the plaintiff(s)/landlord(s) possession of the premises above by putting the defendant(s)/tenant(s) and any other occupant(s) bound by the judgment out of possession. If the defendant(s)/tenant(s) and such other occupant(s) have not removed all their possessions and personal effects, then you may remove them and deliver them to the place of storage designated by the chief executive officer of the town; before removal you must give the chief executive officer of the town 24 hours notice of the eviction, stating the date, time, and address of the eviction, as well as, a general description, if known, of the types and amount of property to be removed from the premises and delivered to the designated place of storage. Before giving notice to the chief executive officer you must use reasonable efforts to locate and notify the defendant(s)/tenant(s) and any other occupant(s) bound by the judgment of the date and time the eviction will take place and the possibility of a sale of their possessions pursuant to Section 47a-42 of the Connecticut General Statutes.

| Serve a true copy upon each defendant/tenant and/or occupant bound by the judgment and return within 60 days. | Signed (Clerk) _Beth Burns_  _Deputy Chief Clerk_ | Date signed 10/17/2022 |
|---|---|---|

**Notice to defendant(s)/tenant(s) and/or occupant(s)** *(To be completed by State Marshal)*

Your landlord (the plaintiff) won a judgment against you in this eviction case. This means that you must move out of the premises at the address above by this date:

| Date 10-19-22 | At (Time) 8:00 A.M. |
|---|---|

If you do not remove your possessions and personal effects on or before that date, your possessions and personal effects will be removed by the State Marshal and stored at: _Lynch Storage_

to reclaim those possessions and personal effects and to arrange to have them given back to you. (If your possessions and personal effects are removed and stored and you do not reclaim them and pay the expense of storage within 15 days, then they may be sold by the town under Section 47a-42 of the Connecticut General Statutes.)    You may call: 203-272-0056

If you think you have a right to stay in the premises, you should contact an attorney immediately. This paper does not have to be handed to you personally. The place of storage was designated by the chief executive officer of the town.

**Return of Service**

| By virtue of this execution, | On | At (Time) ___.M. | and I further advised said chief executive officer, so far as known, of the general description, types, and amount of the property to be removed from said premises, |
|---|---|---|---|
| ☐ I notified the defendant(s)/tenant(s) and/or occupant(s). | | | On | At (Time) ___.M. |
| ☐ I used reasonable efforts to locate the defendant(s)/tenant(s) and/or occupant(s) but was unable to notify the following: | | | and afterwards, the defendant's(s')/tenant's(s') and/or occupant's(s') possessions, |

Thereafter I notified the chief executive officer of the town where the premises are situated,

| On | At (Time) ___.M. |
|---|---|

☐ had been removed.
☐ were removed by me and stored. The plaintiff(s)/landlord(s) were then put in possession of said premises.

| Signed (State Marshal) | Date signed |
|---|---|

that the eviction of the defendant's(s')/tenant's(s') and/or occupant's(s') possessions and personal effects would take place,

| On | At (Time) ___.M. |
|---|---|

Fees

A True Copy Attest
Michael J. Brown
State Marshal

ORDER    438579

DOCKET NO: WTHCV226009950S

SUPERIOR COURT

HUBEN, KEVIN
  V.
GYADU, BEN, AKA BENJAMIN Et Al

HOUSING SESSION
AT WATERBURY

10/19/2022

## ORDER

ORDER REGARDING:
10/18/2022 161.00 APPLICATION FOR STAY OF EXECUTION SUMMARY PROCESS

The foregoing, having been considered by the Court, is hereby:

ORDER: DENIED

See Order #106.10.

Judicial Notice (JDNO) was sent regarding this order.

438579
_____

Judge: WALTER MICHAEL SPADER JR

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

The Appellate Court Of Ct

231 CAPITOL Ave.

HARTFORD, CT 06106

Date: 18th Oct, 2022

A.C.
HUBEN, KEVIN ETAL Vs GYADU, BEN.

Motion For Review Of Decision On Defendants Motion

TO VACATE ORDER ON GROUND ORDER IS VOID

In accordance with Practice Book

see 66-7, the Defendant, Appellant hereby moves for the

Appellate Court to Review the Superior Courts Order of

14th Oct, 2022

Defendant moved to vacate the judgement

on grounds it is VOID. The trial Court however changed

the Motion TO Vacate to a Motion To Open the judgement

P. 2

and then denied the Motion which was claiming that the judgement was VOID and so should be Vacated.

## BRIEF HISTORY

Defendant had a rental lease arrangement with his landlords on the 1st of May, 2022 2014 by which Defendant was paying his rent on monthly basis.
This arrangement continued until the Defendant paid his rent for May, 2022 on the 27th April, 2022 when the landlords decided to take the apartment from Defendant
Accordingly Counsel for the landlords claimed FALSELY that the Defendant and the landlords had Oral rental lease to rent the apartment for a period of one (1) month and that the lease

P. 3

arrangement had expired and so Defendant must

vacate the apartment on grounds of "Lapse Of Time".

For the fact that this was just a

CONCOCTED claim intended to have legal claim

against the Defendant, Defendant moved to dismiss

the action on grounds it is Invalid and so the Court

Lacks jurisdiction of the action.

At the hearing

room of the Motion To Dismiss, the Court opened the

hearing with a statement that the Motion To Dismiss

challenges the trial Court's jurisdiction of the action and

for that reason the issues of the Motion To Dismiss must

be resolved before the eviction action can proceed

The hearing was held and the Court

P. 4

issued its decision on the Motion To Dismiss

However the Defendant received a Court's Order which sustained the Plaintiffs' Objection without a Memorandum Of Decision.

Consequently Defendant moved for a Memorandum Of Decision.

When Defendant now received a copy of the Memorandum Of Decision, he discovered that the Court scheduled the trial at the same time that it issued the Memorandum Of Decision.

For the fact that the Court's trial scheduling Order failed to allow a resolution of the issues of the Motion To Dismiss before scheduling the trial, Defendant moved to stay the trial pending

P. 5

a resolution of the issues of the Motion To Dismiss to determine whether or not the Court has jurisdiction of the action to hold a trial of the eviction

The Court denied every single motion the Defendant filed in an effort to resolve the issues of the Motion To Dismiss before a trial of the action.

Consequently the trial was held and as expected the judgement was entered against the Defendant

Defendant moved to VACATE the judgement on grounds that it is VOID for a violation of Due Process and Equal Protection Of Laws.

The Court, however, changed the intended purpose of a Motion To Vacate the judgement on grounds it is VOID, to a

Motion To Open and denied the motion.   P.6

      Defendant therefore found it PRUDENT to move for the Appellate Court's review of the Court's Order of 14th Oct, 2022.

      FACTS

      The Defendant and the Plaintiffs DID NOT enter into any oral lease on the 1st of May, 2022 else the rent would be paid on that 1st of May, 2022 that Sunset claimed the oral lease arrangement took place.

      The May, 2022 rent which was paid on the 27th of April, 2022 was therefore paid under the May, 2014 rental lease arrangement but not under the alleged oral lease agreement which Sunset claimed the Defendant and the Plaintiffs entered into on the 1st of May,

2022 when that was not even in existence on the 27th of April that Defendant paid the rent for May, 2022.

As it would therefore be discovered no "Lapse Of Time" lease occured when no Oral lease arrangement took place on the 1st of May, 2022.

## LEGAL GROUNDS

The Courts aforementioned actions DEPRIVED the Defendant of (i) Due Process Of NOTICE (ii) Due Process Of the 14th Amendment Of the U.S. Constitution (iii) Equal Protection Of Laws of the 5th Amendment Of the U.S. Constitution

## CONCLUSION

Based upon all the above, Defendant PRAYS for a favourable consideration. Respectfully submitted. Ben. Ayodu(Apt:)

CERTIFICATION :

This is to certify that a copy of the fore-going was mailed to Atty Dana Giuliano, P.O. BOX 94, Watertown, CT 06795

Sincerely,
Ben. Inyedu (Sr of C.)

DOC. # WTH-CV-22600-9950-S          :          SUPERIOR COURT OF WATERBURY

HUBEN                                              :          300 GRAND STREET (HOUSING COURT)

V.                                                      :          WATERBURY, CT 06703

GYADU                                             :          7 OCTOBER, 2022          **SUPERIOR COURT
                                                                                                    WATERBURY J.D.**

OCT 1 1 2022

## MOTION TO VACATE JUDGMENT

CLERK'S OFFICE

**(Ref:  Motion to Vacate the Judgment on Grounds IT IS <u>VOID</u>)**

A judgement is void if the Trial Court (1) lacked subject matter jurisdiction, (2) lacked personal jurisdiction, or (3) entered the judgment in a manner that violated due process. Please see:

Privilege Underwriters Reciprocal Exchange v. Grayson, 2016 WL 7321571 (Ala. 2016); I.S.H. v. M.D. B., 83 Mass. App. Ct. 553, 987 N.E.2d 223 (2013); Bate v. Greenwich Insurance Company, 464 S.W. 3d 515 (Mo. 2015).

"A judgement is void if the trial Court entered the judgment in a manner that violated due process" EMPHASIS added.

A void judgment is a nullity and may be vacated at any time.[9] Please see: T.L. v. W.C.L., 203 So. 3d 66 (Ala. Civ. App. 2016); First Management, Inc. v. Topeka Inv. Group, LLC, 47 Kan. App. 2d 233, 277, P.3d 1150 (2012).

"The Passage of time will neither vitalize a facially flawed decree, or judgment, not immunize its plainly fatal deficiency from collateral attack. Booth v. McKnight, 2003 OK 49, 70 P.3d 855 (Okla. 2003).

Defendant respectfully moves to VACATE the Judgment on grounds it is VOID for:

i.      A violation of Due Process of Notice;

1

ii.   A violation of Equal Protection of Laws;

iii.  A violation of Due Process.

i.   **VIOLATION OF DUE PROCESS OF NOTICE**

The Courts action by which the Court closed the case of the Defendant's Motion To Dismiss and scheduled a trial of the case without allowing the Defendant to receive a copy of the Memorandum of Decision let alone allowing the Defendant to respond to the Memorandum of Decision and resolve the issues of the Defendant's Motion To Dismiss to determine whether or not the Court has jurisdiction of the case to hold the trial, constitutes a VIOLATION of Due Process of Notice.

The Judgment is ther3efore VOID for a VIOLATION OF DUE PROCESS OF NOTICE and must be VACATED accordingly.

The U.S. Supreme Court stated:

"Under the provision of the 14th Amendment that no State shall deprive any person of life, liberty or property without "due process of Law", quoted words require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." Mullane Vs central Hanover Bank and Trust, Co., 70 S. Ct 652 (1950) at 652 & 656."

Additionally, the U.S. Supreme Court stated the *ff:*

"The Point is straight forward: The Due Process clause provides that certain substantive rights – Life, Liberty, and property – cannot be deprived except pursuant to Constitutionally adequate procedures. The categories of substance and procedure are distinct. Were the rule otherwise the clause would be reduced to a mere tautology." The right to due process "is conferred, not by legislative grace, but by constitutional guarantee." Please see Cleveland Board

2

of Educ. Vs. James Londermill, ET AL, 834. Ed 2d 494 (1984) at 503.

Please see also the following Conn. App. 1996 Case Laws which state:

Judgment void on its face and requiring only inspection of record to demonstrate its invalidity is mere nullity, which is in legal effect no judgment at all, and which confers no right and affords no justification. Koennicke v. Maiorano, 682 A.2d 1046, 43 Conn. App. 1.

Judgment which is void on its face neither binds nor bars anyone; all acts performed under it and all claims flowing out of it are void, and parties attempting to enforce it may be responsible as trespassers. Koennicke v. Maiorano, 682 A.2d 1046, 43 Conn. App. 1.

Void judgment is without life and will be ignored everywhere. Koennicke v. Maiorano, 682 A.2d 1046, 43 Conn. App. 1.

A void judgment is in legal effect no judgment: no rights are acquired or divested by it, it neither binds nor bars anyone, and all proceeding founded upon it are worthless. OC Interior Services, LLC v. Nationstar Mortgage, LLC, 7 Cal. Appl 5th 1318, 213 Cal. Rptr. 3d 395 (4th Dist. 2017); Banks v. Hunter, 796 S.E.2d 361 (N.C. Ct. App. 2017).

Additionally, for the Court to hold the trial and enter a judgment against the Defendant without allowing a resolution of the Defendant's Motion To Dismiss to determine whether or not the Court LACKS jurisdiction of the case to hold the trial, the Court held the trial PREJUDICIALLY and without jurisdiction in GROSS Violation of Due Process and Equal Protection of Laws, rendering the resultant judgment NULL and VOID to VACATE the judgment accordingly.

## ii.    VIOLATION OF EQUAL PROTECTION OF LAWS

For the Court to DISREGARD the fact that under normal circumstances a litigant who is aggrieved by a Ruling has appellate right to, at least, seek a Review/Reconsideration of the non-

3

favorable Ruling and therefore to DISREGARD the Defendant's Legal Rights under the Laws of the U.S. to give the Defendant a chance to, at least, receive a copy of the Memorandum of Decision by U.S. Mail without closing the case of the Motion To Dismiss and scheduling a trial of the case while pending before the Court is the Defendant's Motion For A Memorandum of Decision, the Court DEPRIVES the Defendant of Equal Protection of Laws, rendering the resultant judgment of the PREJUDICIAL trial, NULL and VOID.

The Judgment must therefore be VACATED accordingly for a GROSS Violation of Equal Protection of Laws of the 5th Amendment of the U.S. Constitution.

### iii.    VIOLATION OF DUE PROCESS OF THE 14TH AMENDMENT OF THE U.S. CONSTITUTION

Before the Court opened the hearing on the Defendant's Motion To Dismiss, the Court declared that the Defendant's Motion To Dismiss challenges the Court's Jurisdiction of the Plaintiffs' action and so the issues of the Motion To Dismiss must be resolved to determine whether or not the Court has jurisdiction of the case before any proceeding of the case can start.

It follows therefore that the Court's action which DID NOT allow the Defendant to receive a copy of the Memorandum of Decision by U.S. Mail let alone allow the Defendant who is aggrieved by the Ruling to file any appellate pleading, such as a Motion For Review/Reconsideration, to contest the Ruling to attempt to reverse the unfavorable Ruling before the Court scheduled the case for a trial, is CONTRARY to the very Courts holding that the issues of the Court's jurisdiction of the case must be resolved before any proceeding of the Plaintiffs' case can proceed.

As it would clearly be discovered the Court's action which scheduled the case for a trial at the same time that it issued the unfavorable Memorandum of Decision without even allowing

4

the Defendant to receive a copy of the Memorandum of Decision to file any objection he might have against the Ruling and worse yet went ahead and held the trial while there were pending pleadings before the Court, e.g. a Motion To Stay, whose issues should have been resolved before any trial of the case, is in GROSS violation of Due Process. The Courts resultant judgment of the alleged Constitutional Violation of Due Process is therefore VOID and must be VACATED accordingly.

Respectfully Submitted:

Ben Gyadu

5

# CERTIFICATION

This is to certify that a copy of the foregoing was mailed to Counsel on record:

Dana Giuliano, P.O. Box 94, Watertown, CT 06795.

Respectfully submitted:

Ben Gyadu

6

ORDER    438579

DOCKET NO: WTHCV226009950S

SUPERIOR COURT

HUBEN, KEVIN
  V.
GYADU, BEN, AKA BENJAMIN Et Al

HOUSING SESSION
  AT WATERBURY

10/14/2022

ORDER

ORDER REGARDING:
10/11/2022 153.00 MOTION TO VACATE ORDER

The foregoing, having been considered by the Court, is hereby:

ORDER: DENIED

This motion to "vacate" is a motion to open filed without a filing fee, it was also not filed within the 5 days of judgment to extend any appellate stay.

The motion is denied both substantively and procedurally and the Court notes that any appeal from this Order would not create an appellate stay, there would be no appellate stay as a timely appeal was not filed.

438579

Judge: WALTER MICHAEL SPADER JR

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.